Good morning. Good morning, your honors. If it may please the court, Ernest Franceschi for the appellants. Welcome. Essentially, I think the case is pretty well discussed in the briefs, all the issues, but I do want to stress two points here. The respondent has taken inconsistent positions with regard to whether or not the abatement action was a summary proceeding. In a brief filed with the state court, their trial brief, they basically say this is a summary proceeding. And that's found on page 3, line 21 of our request for judicial notice. We have the brief there. And now in the district court and in this court, they take the position that, oh no, this is a full-blown trial. There's nothing summary about it. The appellant had the opportunity to litigate all the further from the truth. If we look at what this is. Well, if you look at, okay, but whatever his positions are, we obviously have to apply the law. So if under California's theory of primary rights, the unconstitutionality of an ordinance is the defense to the enforcement that that should have been raised in the state nuisance abatement actions. So doesn't that mean you have had your chance to raise the federal equal protection claim in state court and didn't do it? No, Your Honor. The unconstitutional aspect goes to due process. It has to pass constitutional muster under the due process clause. This is an equal protection challenge. The only issues in a per se nuisance abatement warrant application or whether or not the nuisance exists and whether or not the statute is facially constitutional. Our issue isn't with the of the ordinance. It's constitutional. It's the way it was applied. Well, but wouldn't that still be a defense to the abatement action if it was if it was not applied properly? Well, no, Your Honor, because what we have here is a situation where what's being challenged in the federal court is the city's policy and practice. I know you're saying it differently, but if you could have raised it in state court, that's what we're looking at. Why couldn't you raise that in state court? Is that a claim that a state court would say, Oh, we haven't heard of that? Well, we attempted to raise it, but we were shut down. That's the reason that we put it all in. Was it pled as an affirmative defense? I don't think there's any pleadings even involved. It's kind of like a motion. They file an application. The court can even issue an ax party. I don't even think you're entitled to a hearing. The only question is whether or not a condition deemed to be a public nuisance exists, and whether or not the statute is facially constitutional. And this only applies to private property. You don't even need an application if it's on public property. We see that as an affirmative defense. If we're not persuaded by your position that it's a summary proceeding, do you then lose? No, we don't lose because you could have and should have raised it in state court. Well, we didn't get the full opportunity to do that, and we got shut down. We attempted to show disparate application. But you had a four-day bench trial there, so it certainly wasn't a summary proceeding. I mean, that's the longest summary proceeding I've ever seen. Well, it was four days in length because the city put on witnesses. We didn't call anybody. Well, if they put on witnesses, don't you cross-examine the witnesses? Well, we did. Okay, you didn't just sit on your hands, right? No, but that testimony went to the existence of the condition. We weren't allowed... Is there a part of the record you can cite to that says, Judge, I want to raise the constitutional issues, and the judge said, No, you can't. Well, I thought we did that with regard to the cross-examination of the mayor. But here's the other thing... Well, now wait a minute. Okay, so you cross the mayor and ask the question, and that's your constitutional... You're raising the constitutional issue. You didn't do it in the pleadings. You didn't do it directly to the court. The court overruled the motion because there were no pleadings that basically raised the issue, correct? Well, the court overruled the... The court sustained the objection because it was irrelevant to the two issues, whether or not the nuisance exists. The two issues that were raised by the parties. Well, those are the only issues, statutorily, in a per se nuisance abatement claim. Now, the other thing here is we don't have the burden. The party seeking to assert collateral estoppel raised judicata has the burden to show that, one, it was litigated or it could have been litigated. They don't bring to the court, either in the district court or this court, they don't have the state court abatement record. Well, but you have to show to this court, my understanding is, that it's your burden to show that California state procedural law barred the presentation of your claims and the district court found that you failed to cite any state procedural law that bars them from raising federal constitutional claims as challenged to the city's application in state court. Isn't that what the district court said? Well, the district court said that the Monell claims are essentially... In fact, the district court didn't even address that. It was in... Can you cite here a state procedural bar to raising those claims in state court? Well, it's not in any statute or ordinance, but if the issue is whether or not the ordinance is facially constitutional and we're challenging the city's policy and practice of getting involved in neighbor-to-neighbor disputes using the ordinance, well, that's not a constitutional challenge to the ordinance. That's not relevant to that proceeding. But equal protection is... I was a California judge. Are you telling me that equal protection cannot be raised in state court? Yes, it can, but this is like an unlawful detainer action, where the only issue is the right to possession. That's why I asked if we reject that claim that this is akin to an unlawful detainer action, do you lose? And I think the answer is yes, you would. Because if it's not an unlawful detainer action, you could have and should have bring whatever constitutional arguments you had in the state court proceeding. I think their task today is a little easier than yours, because we're looking at the two actions, same parties, same claim. Then, of course, the immediate question is, why didn't you raise it in state court? I take it by your argument today that you're raising a claim, well, I tried to raise it in state court, but I was shut down from doing that. And I really didn't see that in the record, so I'm kind of where Judge Battalion is. If you can point me to a portion of the record where you attempted to frame the issue and raise it and the court shut you down, it's, I don't know if that would make a difference, but it's at least something more to talk about, right? I think I can. I've got the record here, and on my rebuttal portion, I'll be happy to cite the court's Do you want to save any time for rebuttal? Yes, Your Honor, a couple of minutes, please. Okay. So you're almost at two minutes. So, if you want to save the balance that you have and then give us the record cites when you come back? Yes. Okay, that would be excellent. Thank you. Good morning, Your Honor. Howard Golds, best best in Krieger on behalf of the city of Indian Wells. The action to abate the nuisance was not an unlawful detainer. It was not the same as an unlawful detainer. There is no statutory authority for the concept that it was the same as an unlawful detainer. The two proceedings arise under different statutes in the California Code of Civil Procedure, and the one that controls an abatement action, which is CCP 731, applies only to abatement actions. It does not apply to unlawful detainers, and it does not limit the issues that could have been raised as a defense by the- That the city just only enforces this when they have a complaint, right? Yes. All right. It seems to me that there might be a situation where that would be problematic for the city, or particularly if someone could make a showing that the city just enforces it against people that they don't like. Like the Llewellyns might have a strong claim under the Supreme Court's class of one discrimination actionable under the 14th Amendment Equal Protection Clause, I would say, in the village of Willowbrook versus Aulik. The Supreme Court held that in municipalities, intentional demand that a resident be forced to bear a higher cost over other residents for no good reason was irrational and violated equal protection. So it's not that it might- he might not have a frivolous claim, but the question is under California primary rights, could it have been raised? Exactly. And I- while I believe it is a frivolous claim, while I believe there's nothing- Well, of course, you have to say that as a lawyer. But on the other hand, as that- but on the other hand, I could see situations where it's- it wouldn't be the first time we've seen a situation where a municipality abuses its power. I absolutely agree with that, even though I am the city's lawyer. Cities do occasionally abuse power. That being said, the complaint, which is essentially the same two causes of action, the original complaint filed in the action below in the district court- Did he file an answer? I'm sorry? Did he file an answer to your complaint? In the state court? In the state court. I believe he did. So let me ask you this, though. Sure. So it comes to the federal district court first, and as I- as I read the record, Llewellyn basically wanted to enjoin the city from proceeding in its action, but Judge Morrow said, no, we're going to hold the federal court case in abeyance and let the state court proceeding go forward. By doing that, doesn't the federal court retain jurisdiction of the constitutional issues and effectively- I mean, doesn't the plaintiff have a right to kind of rely on that procedurally? I think the issue is the plaintiff would, but for the concept of issue preclusion. That in fact- and this was the point I was about to make. These claims, the claims that the district court ultimately dismissed and which causes us to be in front of you, were alleged in that original complaint, which was filed prior to the time of the state trial. So the plaintiffs or the appellants here knew about these claims. They had already asserted the claims. The district court had already said- had denied an injunction based on those claims. Well, but it was a younger abstention issue initially, right? Let the state court finish. It was both. There was the order both denies an injunction to enjoin the state court proceeding from going forward, and also it then applies younger and says we're going to abstain. And the district court basically says in its decision, Judge Morrow says, raise these in the state court. I think that line is essentially explicit in that decision. And she doesn't limit it by saying just the constitutional issues or the ordinance issues. She just says raise it all in the state court. Raise it all in the state court. And- Was any attempt by the city to block the Lewins from their ability to raise the issues? Did you- Did you object when they tried to go into that area on cross-examination of the city's witnesses? I'm not aware of it, Your Honor. I don't believe the record reflects- I didn't try the case, but I don't believe the record reflects that. I believe that the issue, which has become a little bit of a side issue here of the cross-examination of the mayor of Indian Wells was on a different issue. It was not on a direct constitutional claim. And of course, the constitutional claim should have been raised both as an affirmative defense or it could have been raised orally, but you would have wanted to put on evidence specifically about that, and it was not done. So- But did they raise any affirmative defenses in their- I believe- Complainings? I believe they did. I believe they did argue about due process, which was a different constitutional claim. And that's, of course, one of the ironies here is that they do make some constitutional arguments at the time, or they did- they just didn't make these. Well, is in- under your interpretation of California's primary rights theory, is there anything that precludes this argument from being made in state court? No. And I think Justice was correct that once you conclude it could have been made, then I think this case, this appeal is over. Because once they could have made the argument and for whatever reason decided not to, and I must admit it's a bit inexplicable to understand why they didn't, since they had raised it in the district court prior to the trial. Maybe they were doing a little forum shopping. Maybe. I mean, I'm- it would not be for me to speculate, but it does appear that they specifically stayed away from the issue, perhaps to preserve it somehow for the district court. Because we all know the federal judges are really smart people. We do, Your Honor. So all that being said, you know, the last part is, is that within the realm of abatement, there is a term summary abatement. Summary abatement actually, I believe, refers to the concept of a city or a government entity abating a nuisance without judicial proceedings. This was not a summary abatement. If it had been a summary proceeding, then the appellant would have a strong argument to say, I couldn't have raised it, correct? Well, I- Well, I mean, let's say it was something ex parte or it was just something that just happened and there was no hearing. How do you raise that issue, you know? The only summary proceeding I'm aware of that they have talked about is an unlawful detainer. There are limits to unlawful detainers in terms of what can be raised, although if it's the government who is a plaintiff in an unlawful detainer, I'm not sure that's true because unlawful detainers rarely involve a state agent. We never got to that because, frankly, both we and ultimately the district court agreed there was simply no evidence or no law to support the proposition that what occurred over a four-day bench trial was the same as an unlawful detainer proceeding. And so we're kind of discussing a hypothetical, you know, I could go back and research and try to figure out if the government is the landlord, whether you can raise a constitutional claim in an unlawful detainer. I don't know what the answer is. As I stand here, I will confess. But we've never reached that issue because no one has ever had to reach that issue because no one has agreed that what occurred at the state court was akin to an unlawful detainer. And that being said, I mean, I guess as a lawyer, and I think justice is sort of saying it, if I had the argument, I would make it. I mean, it doesn't hurt to make the argument and have the court say, you can't do it and knock me down. I mean, if nothing else, it gives me an issue on appeal. They didn't even do that here. They didn't raise it at the trial court level, and they didn't raise it at the California District Court of Appeal. And so it seems like they had lots, well, it doesn't seem like, it's clear they had lots and lots of opportunities to raise this issue and just. Didn't they also petition for review for the California Supreme Court? They did. They filed a petition for cert, which was denied. And that would have required, I think it's in the record, additional briefing. They would have been allowed to raise that issue with it to the California Supreme Court. So with that, your honor, I do think that once the conclusion is reached that this was not a summary proceeding and they could have, regardless, raised this issue, they could have raised it at the trial court, they could have raised it at the court of appeal. At that point, then issue preclusion clearly applies under the California cases that deal with that, People v. Carter's, Emmerman v. Stoddard, and the city ought to prevail here. All right. Thank you for your argument. Thank you very much. Your honors, I think I found the reference. It's at, it starts at page 108 of the appellant's appendix. If it's short, why don't you read it to us? It's in the record or in your brief? It's in the appendix, your honor. Okay. Say it again, page 108. Yeah, 108. And this is a trial or a transcript from the abatement proceeding. And these are lengthy questions and it ultimately culminates in the court sustaining an objection, but I will read it. It says, question, let's talk about enforcement philosophy. Is there a philosophy among the city council? I'm not talking about anything that's discussed in deliberation, but is there a philosophy, a premise from which enforcement action takes place that the laws of the city of Indian Wells are superior to and preempt general laws, state of California, and then there was an objection and then the court sustained, and then there's another question. Now, ma'am, isn't the objective of the hedge height ordinance to get neighbors to agree amongst themselves and resolve their disputes without the city getting involved, objection, sustained, and it goes on for pages. I don't know if the court wants me to take the time here to read this, but. You have 44 seconds. Right. So we did attempt to raise it. The issues were raised. The court disallowed the evidence. When you're shut down, there's nothing you can do. All right. Thank you for your argument. This matter will stand submitted.
judges: Callahan, Nguyen, Bataillon